# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2024

Lyle W. Cayce
Clerk

No. 23-30617

Jennifer Hughes,

*Plaintiff—Appellant*,

*versus*

Terminix Pest Control, Incorporated,

*Defendant—Appellee*,

consolidated with

No. 23-30846

Dean Chauvin,

*Plaintiff—Appellant*,

*versus*

Terminix Pest Control, Incorporated,

*Defendant—Appellee*,

CONSOLIDATED WITH

_____

No. 23-30856

_____

KELLIE PICOU,

*Plaintiff—Appellant*,

*versus*

TERMINIX PEST CONTROL, INCORPORATED,

*Defendant—Appellee.*

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:22-CV-3676, 2:22-CV-3673,
2:22-CV-3700

_____

Before SOUTHWICK, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

The district court's judgment is AFFIRMED for the following reasons.

To plead a cause of action under the Americans with Disabilities Act, a plaintiff must first plausibly allege he is disabled within the meaning of that Act. That requires alleging an "impairment" that "substantially limits" a "major life activit[y]." 42 U.S.C. § 12102(1)(A). The employees here argue they are disabled because their preexisting health conditions prevent them

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

2

from safely receiving the COVID-19 vaccine, which in turn prevents them from working the class of jobs that mandates those vaccines. In cases where this court has found a plaintiff disabled, however, the disability itself directly limited the life activity at issue. *See, e.g.*, *Mueck v. La Grange Acquisitions, LP*, 75 F.4th 469, 482 (5th Cir. 2023) (employee's binge drinking substantially impacted the "major life activities of thinking, concentrating, and caring for" oneself). The district court here did not err in rejecting these alleged indirect limitations on a major life activity as being too attenuated under this court's caselaw.

The Public Readiness and Emergency Preparedness ("PREP") Act does not completely preempt Louisiana's at-will employment doctrine. *See* 42 U.S.C. §§ 247d-6d, 247d-6e. To cause complete preemption, a federal statute must "contain[] a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law." *Mitchell v. Advanced HCS, LLC*, 28 F.4th 580, 585 (5th Cir. 2022) (citation omitted). The PREP Act instead grants immunity to certain entities involved in responding to public health emergencies. *See* 42 U.S.C. § 247d-6d(a)(1). The PREP Act then provides an exception to this immunity by creating a cause of action for willful misconduct. § 247d-6d(d)(1). That exception is both substantively and procedurally narrow, and thus provides no basis for concluding the PREP Act replaces and protects the Louisiana at-will employment doctrine. Although the PREP Act also contains a preemption provision, § 247d-6d(b)(8), the district court correctly concluded the PREP Act is at its core an immunity statute. The willful misconduct exception limits the scope of the granted immunity, and the preemption provision displaces state law that would otherwise conflict with the granted immunity.

The PREP Act likewise does not displace Louisiana's at-will employment doctrine under ordinary preemption rules. *See Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008). References to voluntariness in the PREP Act and the

Emergency Use Authorization provision, 21 U.S.C. § 360bbb-3, do not vest employees with a right against private employers. The provisions at issue only oblige the Secretary of Health and Human Services to ensure potential participants are informed of the voluntary nature of the government programs. 42 U.S.C. § 247d-6e(c); 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III). This informational obligation on the Secretary falls short of expressing a clear congressional intent to supersede state regulation of private employment. *See Good*, 555 U.S. at 76–77.

AFFIRMED.